UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE LEE JACKSON, JR, et al.,** } } **Plaintiffs,** } } v. } } **NATIONAL COUNCIL OF YOUNG** } **MENS CHRISTIAN ASSOCIATIONS OF** } **THE UNITED STATES OF AMERICA** } **CORPORATION, ET AL.,** } } **Defendants.** } | Case No.: 2:22-cv-00388-RDP |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the court on Plaintiffs' Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. # 6). For the reasons explained below, the Motion is due to be denied and this case is due to be dismissed.

An individual may be allowed to proceed *in forma pauperis* (that is, without the payment of the filing fees) if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Notably, Plaintiffs in this case are Willie Lee Jackson, Jr. and Julia Tolbert-Jackson. (Doc. # 1). Although Willie Lee Jackson, Jr. seeks *in forma pauperis* status (Doc. # 6), Plaintiffs have utterly failed to provide the court with any information indicating that Julia Tolbert-Jackson is unable to pay the usual filing fee. The Motion is due to be denied for that reason alone.

Additionally, however, when a plaintiff moves for leave to proceed *in forma pauperis*, the complaint is subject to the screening requirements of 28 U.S.C. § 1915(e)(2)(B). Under that provision, "the court shall dismiss the case at any time if the court determines that . . . (B) the

action or appeal (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." If the preliminary screening reveals that a plaintiff's claims are frivolous or fail to state a claim on which relief may be granted, the complaint must be dismissed before service of the complaint on the defendants.

"An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). Here, the Complaint is virtually unintelligible. To the extent it can be understood, it is frivolous.

Plaintiffs purport to have removed this case from the Circuit Court of Jefferson County, Alabama. (Doc. # 1 at 10, Doc. # 1-2). However, the removal statute only provides for removal by a defendant. 28 U.S.C.A. § 1441 ("any civil action [] may be removed by the defendant[]."). Moreover, the Jefferson County Circuit Court case referenced in the Notice of Removal is 01-CV-2017-903269. (*Id*. at 1). An October 15, 2021 Order from the Honorable Donald E. Blankenship in Jefferson County Circuit Court case number 01-CV-2017-903269 states that "[c]ourt records indicate that this matter was disposed [of] some three years ago."[1] Therefore, it appears that (1) Plaintiffs have "removed" a closed case and (2) this action is barred by the doctrine of *res judicata* and/or the *Rooker-Feldman* Doctrine. The Eleventh Circuit recently explained how that doctrine operates:

---

[1] The October 15, 2021 Order also states, "any and all documents and/or exhibits filed by the Plaintiff after disposal of this case, are hereby STRICKEN. The Plaintiff is hereby ORDERED and DIRECTED to refrain from filing any additional documents under this case number, or, after a hearing concerning such, be subject to sanctions under the Alabama Litigation Accountability Act."

> Under the *Rooker-Feldman* doctrine, federal district courts and courts of appeals do not have jurisdiction to review state-court decisions. *May [v. Morgan Cty. Ga*., 878 F.3d 1001, 1004 (11th Cir. 2017)]. The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. (quotation marks omitted). The doctrine applies to federal claims raised in state court and to those inextricably intertwined with the state court's judgment. *Id*. at 1004-05. It does not apply where a party did not have a reasonable opportunity to raise her federal claim in state proceedings. *Id*. at 1005.
>
> A claim is inextricably intertwined if it would "effectively nullify" the state court judgment, or if it "succeeds only to the extent that the state court wrongly decided the issues." *Id*. (quotation marks omitted). Even if the federal case is not styled as an appeal of the state-court judgment, it falls within *Rooker-Feldman* if the claim challenges the state-court decision itself, rather than the statute or law underlying that decision. *Id*.

*Nash v. Fifth Dist. Court of Appeals*, 806 F. App'x 870, 872 (11th Cir. 2020).

On April 5, 2022, the court ordered Plaintiffs to show cause, on or before May 6, 2022, why this action should not be dismissed as (1) improperly removed, (2) barred by the *Rooker-Feldman* Doctrine, and/or (3) otherwise frivolous. Plaintiffs have failed to respond to the court's Show Cause Order.

Because the claims asserted in Plaintiff's Complaint are frivolous, this case is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this May 10, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE